Patrick WRIGHT, Petitioner–
Appellee/Cross–Appellant,

v.

Jonathan WALLS, Respondent–
Appellant/Cross–Appellee.

Nos. 01–3066, 01–3157.

United States Court of Appeals,
Seventh Circuit.

Submitted May 7, 2002.

Decided June 6, 2002.

Alan M. Freedman (submitted a brief), Midwest Center for Justice, Chicago, IL, Gary Prichard, Glen Ellyn, IL, for petitioner–appewllee.

Colleen M. Griffin (submitted a brief), Office of the Attorney General, Chicago, IL, for respondent–appellant.

Before FLAUM, Chief Judge, and EASTERBROOK and WILLIAMS, Circuit Judges.

On consideration of the petition for rehearing and petition for rehearing en banc filed by respondent-appellant, no judge in active service has requested a vote thereon, and the majority of judges on the original panel have voted to deny a rehearing. Circuit Judge Easterbrook voted to grant rehearing. Accordingly,

IT IS ORDERED that the aforesaid petition for rehearing be DENIED.

EASTERBROOK, Circuit Judge.

I would grant the petition for rehearing to consider the bearing of *Saffle v. Parks,* 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), which neither the majority nor my dissenting opinion discussed. (The fault is not the state's, for Illinois cited *Parks* in its appellate briefs and again in its petition for rehearing. But Wright did not respond on either occasion and has never explained how his position can be reconciled with that decision.)

The judge in *Parks* instructed the jurors that, when deciding whether to impose (or refrain from imposing) a capital sentence, "[y]ou must avoid any influence of sympathy, sentiment, passion, prejudice, or other arbitrary factor". *Id.* at 487, 110 S.Ct. 1257. A reasonable jury could have understood the reference to "sympathy" to include sympathy generated by Parks's broken home and unhappy childhood. Parks argued that this instruction violated the rule *Eddings v. Oklahoma,* 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), but the Supreme Court held that an anti-sympathy instruction is compatible with *Eddings,* provided that the court allows the defendant to introduce into evidence all factors the defendant believes to be mitigating. 494 U.S. at 489–93, 110 S.Ct. 1257. Next the Court considered whether *Eddings* might be extended to condemn an anti-sympathy instruction and held that no such modification would be proper on collateral review. 494 U.S. at 493–95, 110 S.Ct. 1257, relying on *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

The similarity between *Parks* and this case is marked. Just as in *Parks,* the judge admitted all evidence that the defendant offered in mitigation. As in *Parks,* the sentencer was legally permitted to consider all of that evidence. Finally, the sentencer in this case remarked:

> [A]ny matters dealing with sympathy, outrage, who the victim was, all the matters I just mentioned have no bearing on whether the defendant shall receive the death penalty. And again, I note for the

record that I have cited them so the record is clear that I have rejected them, and I have disregarded them in making my decision.

That statement is closer in spirit to the jury instruction that *Parks* held valid than to the legal prohibition that *Eddings* held invalid.

*Parks* restated the "precise holding" of *Eddings*: "that the State cannot bar relevant mitigating evidence from being presented and considered during the penalty phase of a capital trial." 494 U.S. at 490, 110 S.Ct. 1257. Illinois did not transgress this "precise holding" because no rule of state law prevented Wright's childhood from being received in evidence and playing a role in the aggravating–mitigating calculus. In Wright's case this evidence not only was admitted but also played a major role, for the sentencing judge concluded that Wright's childhood had led to "extreme mental or emotional disturbance" that the judge deemed to be mitigating— though not sufficiently so to outweigh the many aggravating factors.

My colleagues believe that *Eddings* should be extended so that a capital sentence is valid only if the sentencer's statements demonstrate beyond peradventure that all admissible mitigating evidence has been considered—which as a practical matter means that the sentencer must announce expressly that this has been done (see 288 F.3d 937, 943 n. 4). For reasons given in my earlier opinion, and in *Mickens v. Taylor,* —— U.S. ——, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), a demand along these lines is something that a federal court may make of a federal administrative law judge but not of the state's judiciary. Still, no matter how we evaluate that possibility on the merits, *Parks* holds that any extension of *Eddings* may occur only on direct appeal. Wright therefore is not entitled to collateral relief.